UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

ADAM LEE,

               Debtor-Appellant,

    vs.

DANE S. FIELD,

               Trustee-Appellee.

CIV. NO. 19-00237 LEK-WRP

## ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER AND DENYING THE TRUSTEE'S MOTION TO DISMISS

Before the Court is pro se Debtor-Appellant Adam Lee's ("Lee") appeal from the bankruptcy court's Order Granting in Part Trustee's Motion for Turnover and/or Monetary Judgment Against the Debtor in the Amount of $162,488.97 ("Appeal" and "2019 Turnover Order"), filed on April 15, 2019, in In re Adam Lee, Bankruptcy Case No. 13-01356 ("BK"). [Dkt. no. 1-4.] Lee did not timely file his opening brief by the July 3, 2019 deadline. On August 2, 2019, Chapter 7 Trustee-Appellee Dane S. Field ("Trustee") filed his Brief and Motion to Dismiss for Failure to Prosecute and for Lack of Appellate Jurisdiction ("Trustee's Brief"). [Dkt. no. 6.] On August 13, 2019, Lee filed his untimely Appellant's Brief ("Lee's Brief"). [Dkt. no. 8.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the

District of Hawaii ("Local Rules").  The Trustee's motion to dismiss for failure to prosecute and for lack of appellate jurisdiction are hereby denied, the Final Judgment is affirmed, and Lee's appeal is denied.

## BACKGROUND

On August 12, 2013, Lee filed his voluntary petition for bankruptcy, pursuant to Chapter 7 of the Bankruptcy Code. [BK, dkt. no. 1.]  The Trustee was appointed on August 12, 2013. [BK, Minutes (dkt. no. 3).]  On May 18, 2015, the Trustee filed a motion seeking an order requiring Lee to turn over to the Trustee: 1) certain financial information and records; 2) certain personal property of the estate; 3) two real properties located at 4014 Palua Place, Honolulu, Hawai`i, ("Palua 1" and "Palua 2"); and 4) rents received by Lee (or Lee's mother) from the tenants at Palua 1 and Palua 2 for the period of March 11, 2015 through April 30, 2015 ("2015 Turnover Motion").  [BK, dkt. no. 209.]  On June 29, 2015, the bankruptcy court issued an order granting the 2015 Turnover Motion ("2015 Turnover Order").  [BK, dkt. no. 224.]  On July 17, 2015, Lee appealed to the district court, appealing only the portion of the 2015 Turnover Order requiring Lee to turn over possession of Palua 1 and Palua 2 to the Trustee ("2015 Palua Possession Appeal").  [BK, dkt. no. 239.]  On November 17, 2015, the district court issued its Order Affirming Bankruptcy Court Order

("11/17/15 District Court Order"). [Lee v. Field (In re Lee), CV 15-00278 SOM-RLP, dkt. no. 27.[1]] Lee appealed to the Ninth Circuit. On May 7, 2018, the Ninth Circuit affirmed the 11/17/15 District Court Order. Lee v. Field (In re Lee), 889 F.3d 639 (9th Cir. 2018).

On March 4, 2019, the Trustee filed his second Motion for Turnover and/or Monetary Judgment Against Debtor in the Amount of $162,488.97 ("2019 Turnover Motion").[2] [BK, dkt. no. 594.[3]] In contrast to the 2015 Turnover Motion, in his 2019 Turnover Motion, the Trustee sought Palua 1 and Palua 2 post-petition rents running from the petition date through April 2015. [Mem. in Sup. of 2019 Turnover Motion at 21.] Also in his 2019 Turnover Motion, the Trustee sought the value of Lee's non-exempt IRA, the value of the non-exempt firearms, the amount by which the Trustee was required to compensate the buyers of

---

[1] The 11/17/15 District Court Order is available at 2015 WL 7274035.

[2] An adversary proceeding is typically necessary for turnover of money or property. However, a proceeding to compel the debtor to deliver property to the Trustee is not an adversary proceeding. Fed. R. Bankr. P. 7001 ("The following are adversary proceedings: (1) a proceeding to recover money or property, **other than a proceeding to compel the debtor to deliver property to the trustee** . . . ." (emphasis added)). Here, the Trustee is requesting that Lee be ordered to turn over nonexempt property. Thus, the Trustee was not required to file an adversary proceeding.

[3] The 2019 Turnover Motion, and the exhibits thereto, are attached to the Trustee's Brief as Exhibit 1. [Dkt. nos. 6-1 to 6-3.]

Palua 1 for Lee's failure to timely vacate the property, other post-petition rents, and the proceeds from Lee's alleged sale of stock in the company Nojuice.com. [Id. at 21-22.]

On March 25, 2019, Lee filed his opposition to the 2019 Turnover Motion ("2019 Turnover Opposition"), and, on April 1, 2019, the Trustee filed a reply in support of the 2019 Turnover Motion. [BK, dkt. nos. 621, 627.[4]] On April 15, 2019, the bankruptcy court issued the 2019 Turnover Order, ordering Lee to turn over $72,488.97 to the estate, representing the value of properties of the estate that had not been turned over to the Trustee. [2019 Turnover Order at 2.] The bankruptcy court ruled that, if Lee did not turn the $72,488.97 over within ten days, the Trustee's counsel was to file a declaration to that effect, and to submit a proposed final judgment as to any amounts not turned over to the estate. [Id. at 2-3.] On April 27, 2019, the Trustee's counsel, Enver W. Painter, Jr., Esq., filed a declaration stating Lee had not turned over the funds and submitted a proposed final judgment. [BK, dkt. no. 652.[5]] On April 29, 2019, Lee filed this Appeal. [Dkt. no. 1-3 (Notice of Appeal and Statement of Election).] On

---

[4] The 2019 Turnover Opposition and the Trustee's reply are also available as Exhibits 2 and 3 to the Trustee's Brief. [Dkt. nos. 6-4, 6-5.]

[5] Mr. Painter's declaration is also available as Exhibit 7 to the Trustee's Brief. [Dkt. no. 6-9.]

April 30, 2019, the bankruptcy court issued its Final Judgment
Re Debtor's Non Compliance with Order Granting in Part Trustee's
Motion for Turnover and/or Monetary Judgment ("Final Judgment").
[BK, dkt. no. 660.]

The Trustee's Brief includes a motion to dismiss the
Appeal on two alternate grounds. First, for failure to
prosecute, arguing the Appeal should be dismissed because Lee's
brief was due on July 3, 2019 and had not been filed at the time
the Trustee filed his brief on August 2, 2019. [Trustee's Brief
at 4.] Second, for lack of appellate jurisdiction. [Id. at 6.]
The Trustee identifies four points in arguing this Court lacks
appellate jurisdiction: 1) the 2019 Turnover Order was not a
final order because it did not address all of the claims for
relief, therefore it was interlocutory; 2) the Appeal is from
the 2019 Turnover Order, therefore it was premature; 3) the
premature appeal cannot be cured by a subsequent filing because
more than a ministerial execution of the judgment remained to be
completed by the bankruptcy court at the time the Appeal was
filed; and 4) Lee did not obtain leave from the bankruptcy court
to file an interlocutory appeal. [Id. at 6-8.]

As to the merits of the Appeal, the Trustee argues
that, in its 2019 Turnover Order and Final Judgment, the
bankruptcy court ordered Lee to turn over to the Trustee

$72,488.97.  [2019 Turnover Order at 2; Final Judgment at 2.]

The sum of $72,488.97 represents the following amounts:

-Palua 1 rents of $9,450.00;
-Palua 2 rents of $54,500;
-TD Ameritrade Roth IRA of $2,453.16;
-the value of four firearms of $2,000.00;
-the cost incurred by the estate as a result of Lee's delay in
     vacating Palua 1 of $585.81; and
-other post-petition rents collected of $3,500.

[2019 Turnover Order at 2.]

          As to Palua 1, Palua 2, and the other post-petition

rents, Lee argues the Trustee did not provide sufficient

evidence for the bankruptcy court to find that the amounts

listed in the 2019 Turnover Motion were accurate calculations of

the amounts due.  [Lee's Brief at 2.]  Lee further argues: "Any

amounts that were not proven to be collected by the Appellant

cannot be ordered to be turned over because they were not proven

to be collected by Appellant.  It is a simple matter of not

being responsible for funds that were never collected."  [Id. at

4.]

          In regard to the TD Ameritrade Roth IRA funds, Lee

argues they should not be turned over because the issue of

exemptions is still being litigated in the AP.  [Id. at 5]  In

regard to the amount owed for firearms, Lee argues he should not

be required to turn over the $2,000 because the firearms were

seized by the Honolulu Police Department ("HPD"), and the

Trustee can acquire them from the police.  In his brief, Lee

does not discuss the $585.81 representing the cost incurred by the estate as a result of Lee's delay in vacating Palua 1.

**STANDARD**

## I.   **Failure to Prosecute**

The imposition of sanctions for non-compliance with non-jurisdictional bankruptcy procedural requirements is within the discretion of the district court.  See Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 706 (9th Cir. 1986) (reviewing the district court's decision regarding non-jurisdiction bankruptcy procedural sanctions for abuse of discretion).  Fed. R. Bankr. P. 8018(a) states that: the appellant must serve and file a brief within thirty days; and, if the brief is not filed, the district court **may**, after notice, dismiss the appeal.

> Ninth Circuit law
>
> Require[s] the district court to weigh five factors to determine whether to dismiss a case for lack of prosecution: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring the disposition of cases on their merits; and 5) the availability of less drastic sanctions.

Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994) (citation omitted).

## II.  Lack of Appellate Jurisdiction

Under 28 U.S.C. § 158(a), the district courts of the United States have jurisdiction to hear appeals of the following documents entered by the bankruptcy court: 1) final judgments, orders, and decrees; 2) interlocutory orders and decrees under 11 U.S.C. § 1121; and 3) other interlocutory orders and decrees, with leave of court.  See, e.g., Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 769 (9th Cir. 2008) (stating that the district court's jurisdiction to review the bankruptcy court's order was pursuant to § 158(a)).

## III. Bankruptcy Appeal

"A district court sitting in appellate jurisdiction over a bankruptcy court's order under 28 U.S.C. § 158(a)(1) applies the same legal standard as a federal court of appeals." Kim v. Field, CIVIL NO. 18-00168 JAO-KSC, 2018 WL 6184880, at *2 (D. Hawai`i Nov. 27, 2018) (citing Bank v. Crystal Properties (In re Crystal Props. Ltd.), 268 F.3d 743, 755 (9th Cir. 2001)). This Court has stated:

> This court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  See In re Kimura (United States v. Battley), 969 F.2d 806, 810 (9th Cir. 1992) ("The Court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo.").  The court "must accept the Bankruptcy Court's findings of fact, unless the court is left with the definite and firm conviction that a mistake

8

has been committed.  Mixed questions of law and fact are reviewed de novo."  In re JTS Corp., 617 F.3d 1102, 1109 (9th Cir. 2010) (quotation marks and citations omitted).

In re Lee, CIVIL NO. 15-00278 SOM/RLP, 2015 WL 7274035, at *1 (D. Hawai`i Nov. 17, 2015).  The United States Supreme Court has stated:

> [a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.  This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.  The reviewing court oversteps the bounds of its duty under Fed. R. Civ. P. 52(a) if it undertakes to duplicate the role of the lower court.  In applying the clearly erroneous standard . . . , [reviewing] courts must constantly have in mind that their function is not to decided factual issues de novo.  If the [lower] court's account of the evidence is plausible in light of the record viewed in its entirety, the [reviewing court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.  Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

Anderson v. City of Bessemer, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985) (some alterations in Anderson) (citations and some internal quotation marks omitted).  The standards described in Anderson apply when a district court reviews the factual findings of a bankruptcy court.  See, e.g., Ingram v. Burchard, 482 B.R. 313, 322 (N.D. Cal. 2012); In re Daewoo Motor Am., Inc., 471 B.R. 721, 732 (C.D. Cal. 2012), aff'd, 554 Fed. App'x. 638 (9th Cir.

2014); <u>In re Folsom</u>, Civil No. 10CV2440 L(NLS), 2011 WL 3489681, at *1 (S.D. Cal. Aug. 8, 2011), *aff'd sub nom.*, <u>Folsom v. Davis</u>, 513 Fed. App'x. 651 (9th Cir. 2013).

<u>Sebetich v. Woods (In re Woods)</u>, CIVIL 15-00233 LEK-BMK, 2016 WL 8710426, at *4-5 (D. Hawai`i Jan. 29, 2016) (alterations in <u>Sebetich</u>).

## DISCUSSION

## I.  **Failure to Prosecute**

Here, Lee's Brief was submitted over thirty days late. However, as briefs from the Trustee and Lee have both been received, this Court, in the exercise of its discretion, declines to dismiss the Appeal for failure to prosecute, pursuant to the five-factor analysis.

As to the first factor, the interest in expeditious resolution, the decision to dismiss a case for lack of prosecution must be supported by evidence of unreasonable delay. <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986) (citation omitted).  Here, the delay was from Lee's Brief's due date of July 3, 2019, to the date it was actually received, August 13, 2019.  While the Court does not condone Lee's failure to file a timely brief or to request an extension of the deadline, the untimely filing of Lee's Brief did not delay the resolution of this litigation to an unreasonable extent.  Thus, the first factor weighs against dismissal.

The second factor, the need to manage the Court's docket weighs against dismissal because no other case deadlines were affected. The third factor, the risk of prejudice to the Trustee, also weighs against dismissal because the Trustee has suffered no actual prejudice. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (stating that actual prejudice is to be considered in determining whether to dismiss for failure to prosecute, but is not always required). The fourth factor, the policy favoring disposition on the merits, also weighs against dismissal. Finally, the fifth factor, the availability of less drastic sanctions, weighs against dismissal because sanctions are not warranted under the circumstances of the case.

The Trustee's request to dismiss the Appeal for failure to prosecute is therefore denied.

## II.  Lack of Appellate Jurisdiction

The Trustee's arguments for lack of appellate jurisdiction are ultimately rejected because the entry of the Final Judgment cured any procedural defects.

### A.  Defects Cured by the Rule 54(b) Certification

The Trustee first argues appellate jurisdiction is lacking because the 2019 Turnover Order does not address all claims. The 2019 Turnover Motion demanded turnover of $162,488.97, which included: 1) post-petition rents from

Palua 1; 2) post-petition rents from Palua 2; 3) the value of Lee's non-exempt IRA account; 4) the value of the non-exempt firearms; 5) the amount by which the Trustee must compensate the buyers of Palua 1 for Lee's failure to timely vacate the property; 6) other post-petition rents collected by Lee; and 7) the Proceeds from Lee's post-petition sale of non-exempt assets, including sale of his Nojuice.com stock. [2019 Turnover Motion at 2.] The 2019 Turnover Order did not resolve all of the above issues. Specifically, on item number seven, the bankruptcy court declined to rule on turning over the proceeds from Lee's purported sale of Nojuice.com stock. [Id.] The Appeal was also filed before the Final Judgment.

> In Bullard v. Blue Hills Bank, --- U.S. ---, 135 S. Ct. 1686, 1692, 191 L. Ed. 2d 621 (2015), the Supreme Court reaffirmed the principle that, for jurisdictional purposes, "[t]he rules are different in bankruptcy. . . ." In an ordinary civil case, a party may appeal the district court's judgment only under 28 U.S.C. § 1291 and only if the decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-74, 101 S. Ct. 669, 66 L. Ed. 2d 571 (1981) (citation and internal quotation marks omitted). In bankruptcy cases, though, which typically are appealed (as this one is) under 28 U.S.C. § 158(d), a pragmatic approach is warranted; the court uses a more flexible standard. Orders in bankruptcy cases may be appealed immediately "if they finally dispose of discrete disputes within the larger case. . . ." Bullard, 135 S. Ct. at 1692 (citation omitted). . . .

Eden Place, LLC v. Perl (In re Perl), 811 F.3d 1120, 1125 (9th

Cir. 2016) (alterations in Perl) (footnotes omitted).

> "[FRCP] 54(b) controls the analysis of
> finality of judgments for purposes of appeal in
> federal civil actions, including bankruptcy
> proceedings." Belli v. Temkin (In re Belli), 268
> B.R. 851, 855 (9th Cir. BAP 2001). FRCP 54(b),
> which has been incorporated into the bankruptcy
> code by Fed R Bankr P 7054(a), provides that:
>
>> When more than one claim for relief is
>> presented in an action, * * * or when
>> multiple parties are involved, the court may
>> direct the entry of a final judgment as to
>> one or more but fewer than all of the claims
>> or parties only upon an express
>> determination that there is no just reason
>> for delay and upon an express direction for
>> the entry of judgment.
>
>> A FRCP 54(b) certification of a ruling is
>> treated as a final order, over which appellate
>> jurisdiction in the district court exists "as of
>> right," pursuant to 28 USC § 158(a)(1).

In re Pac. Gas & Elec. Co., 280 B.R. 506, 510 (N.D. Cal. 2002)

(alterations in Pac. Gas). Finally, pursuant to Fed. R. Bankr.

P. 8002(a)(2), a notice of appeal filed after the announcement

of a decision, but before entry of judgment, is treated as filed

after the judgment.

Here, the 2019 Final Judgment was, in fact, a final

judgment pursuant to Rule 54(b) and § 158(a)(1). As a

preliminary matter, it was titled "Final Judgment RE Debtor's

Non Compliance with Order Granting in Part Trustee's Motion for

Turnover and/or Monetary Judgment." More importantly, the Final

Judgment included a Rule 54(b) certification stating, "[t]here being no just reason for delay, this judgment shall be entered as a final judgment pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Bankr. P. 7054." [Final Judgment at 2.] Although Lee's Appeal was filed too early, and it was taken from an order resolving less than all claims, those defects were all cured by the subsequent filing of the Final Judgment. See Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686 (9th Cir. 2007) (deeming a premature appeal to have been taken from a subsequently filed judgment). Similarly, the flexible approach to finality in bankruptcy means that, even though more than ministerial tasks were required after the 2019 Turnover Order – for example, the Trustee was required to file an intervening declaration and proposed order – the issuance of the Final Judgment cured any interlocutory defect.

In Carlsmith Ball Wichman Murray Case & Ichiki v. Western Farm Credit Bank (In re Hamakua Sugar Co.), this district court ruled that a turnover order was not a final order, and thus not appealable, because it lacked a Rule 54(b) certification. 173 B.R. 693, 695 (D. Hawai`i 1994). Here, in contrast to Hamakua Sugar Co., the Final Judgment, from which the Appeal is deemed to have been taken, included a Rule 54(b) certification. The decision to include a Rule 54(b) certification is reviewed for abuse of discretion. Pakootas v.

14

Teck Cominco Metals, Ltd., 905 F.3d 565, 576 (9th Cir. 2018),
*cert. denied sub nom.*, Teck Metals Ltd. v. Confederated Tribes
of the Colville Reservation, 139 S. Ct. 2693 (2019). The
bankruptcy court has been administering Lee's case since it was
filed in 2013. Given the flexible interpretation of finality
used in bankruptcy cases, the bankruptcy's court experience with
this matter in particular, and its knowledge of the case
generally, the bankruptcy court did not abuse its discretion in
certifying the Final Judgment pursuant to Rule 54(b).

Therefore, the Appeal is deemed to be an appeal from
the Final Judgment, which is appealable because it includes a
Rule 54(b) certification. The Trustee's first three arguments
in support of his request to dismiss the Appeal for lack of
appellate jurisdiction are rejected.

### B. **Leave of Court**

As to the Trustee's fourth argument, that Lee failed
to obtain leave of court as required by § 158(a)(3), if Lee was
required to obtain leave of court to file an appeal, he would
seek leave from the reviewing court, not the bankruptcy court.
See Silver Sage Partners v. City of Desert Hot Springs (In re
City of Desert Hot Springs), 339 F.3d 782, 787 (9th Cir. 2003)
(stating that, if a litigant is unsure about the finality of an
order, the litigant should file a notice of appeal and a motion
for leave to appeal to the BAP or district court). However,

leave of court is not necessary in this case because the Appeal
is deemed to be an appeal from the Final Judgment.  Therefore,
the Trustee's fourth argument is rejected, and the Trustee's
request to dismiss the Appeal for lack of appellate jurisdiction
is denied.

## III. Appeal of the Final Judgment

The issue on appeal is whether the bankruptcy court
erred in entering the 2019 Turnover Order.  The Trustee brought
the 2019 Turnover Motion pursuant to, *inter alia*, 11 U.S.C.
§ 542(a), which provides:

> Except as provided in subsection (c) or (d) of
> this section, an entity, other than a custodian,
> in possession, custody, or control, during the
> case, of property that the trustee may use, sell,
> or lease under section 363 of this title, or that
> the debtor may exempt under section 522 of this
> title, shall deliver to the trustee, and account
> for, such property or the value of such property,
> unless such property is of inconsequential value
> or benefit to the estate.

Here, the bankruptcy court did not make formal
findings of fact.  [2019 Turnover Order at 1-3.]  The bankruptcy
court incorporated the reasons stated in open court at the
hearing on the 2019 Turnover Motion.  [Id. at 1.]  At the
hearing on the 2019 Turnover Motion, the bankruptcy court said,
in reference to the rents owed for Palua 1 and Palua 2 "I'm
convinced--I've got enough evidence to find that it is the
correct amount" to which Lee replied, "I trust your number."

[Trustee's Brief, Exh.4 (Trans. of April 8, 2019 hearing on motion for turnover ("4/8/19 Hrg. Trans.")) at 20.] This exchange is the extent of the bankruptcy court's factual findings on this issue. Pursuant to Fed. R. Civ. P. 52(a)(3), made applicable here by Fed. R. Bankr. P. 7052, a formal finding of fact was not required because this turnover proceeding stemmed from a motion, not an adversary proceeding. Therefore, the implicit factual findings of the bankruptcy court will be reviewed under the clear error standard. See Travelers Ins. Co. v. Plaza Family P'ship (Matter of Plaza Family P'ship), 95 B.R. 166, 169 (E.D. Cal. 1989) (reviewing a bankruptcy court's implicit factual findings for clear error in the absence of formal findings of fact). Here, a full understanding of the issues can be reached without the aid of findings. The bankruptcy court's implicit findings are that: 1) the property is (or was during the bankruptcy case) in the possession, custody or control of a noncustodial third party; 2) the property constitutes property of the estate; 3) the property is a type that the trustee could use, sell or lease pursuant to section 363 or that the debtor could exempt under section 522; and 4) the property is not of inconsequential value or benefit to the estate. See 11 U.S.C. § 542; see also Shapiro v. Henson, 739 F.3d 1198, 1200 (9th Cir. 2014) ("Two key phrases evidence that § 542(a) allows a turnover motion to be brought against the

entity at any time during the pendency of the bankruptcy case,
even if the entity no longer possesses or has custody or control
over the property, at the time the motion is filed."). The
third and fourth findings are not at issue for any of the
property identified in the 2019 Turnover Order.

### A.    Property to be Turned Over

In his brief, Lee identifies alleged errors made by
the bankruptcy court for five of the six items ordered to be
turned over in the 2019 Turnover Order and Final Judgment. Lee
does not present an argument as to the sixth item, the cost
incurred by the Trustee in compensating the buyers of Palua 1
for Lee's delay in vacating the property.

### 1.    Palua 1 Rent

Lee argues the Trustee did not provide sufficient
evidence to prove that Lee collected rent for Palua 1. [Lee's
Brief at 2.] The conclusion that Palua 1 rent is part of the
bankruptcy estate is a legal conclusion subject to de novo
review. However, Lee does not argue Palua 1 rent is not part of
the estate, Lee argues the evidence proffered by the Trustee did
not prove *the amount* sought by the Trustee. See id. ("The
Trustee should not be able to collect any rents for Palua 1
because only $1,755 was shown to be collected by the Appellant
in the Appellee's own exhibits and brief.") Therefore, given
that Palua 1 rent is properly part of the estate, the issue on

Appeal is whether the bankruptcy court erred in finding the amount of Palua 1 rent to be $9,450.

Factual findings based on credibility determinations, physical or documentary evidence, or inference from the facts are subject to the clearly erroneous standard of review. Anderson, 470 U.S. at 574. Here, the bankruptcy court made a factual finding, based on the evidence, that the bankruptcy estate property, Palua 1 rent, amounted to $9,450. Lee's assertion that the evidence is insufficient to support that finding does not leave this Court with "the definite and firm conviction that a mistake has been committed" as required under the clearly erroneous standard. See id. at 573 (citation and quotation marks omitted). The bankruptcy court was presented with evidence on the matter, and at a hearing, expressed that it was satisfied with the evidence. [4/8/19 Hrg. Trans. at 20:3-5.] The bankruptcy court reviewed the evidence and its implicit factual finding is not clearly contradicted by the evidence in the record. Furthermore, even under de novo review, the bankruptcy court's finding is sufficiently and independently supported by the documentary evidence, including, but not limited to the lease for Palua 1, describing the amount to be collected as $1950 per month from May 11, 2013 to May 11, 2014. [2019 Turnover Motion, Decl. of Enver Painter ("2019 Painter Decl."), Exh. B (Palua 1 Residential Lease).] Copies of the

checks received by Lee or Lee's mother (who occasionally collected the rent) would be sufficient, but they are not necessary in light of the other evidence received.  Therefore, the bankruptcy court's finding regarding the Palua 1 rent is affirmed.

### 2.   **Palua 2 Rents**

With regard to the Palua 2 rents, Lee argues Exhibits C (Palua 2 Residential Lease) and D (Copies of lease payments and Bank Statements) to the 2019 Turnover Motion only prove that $34,425 was collected as rent for Palua 2, and therefore, only $34,425 should be ordered turned over.  Here, Lee has once again stated his disagreement with the bankruptcy court as to the sufficiency of the evidence and reiterated that the only acceptable evidence to prove the amount collected is copies of the rent checks.  The bankruptcy court's implicit finding was that $54,500, representing the rent from the tenants of Palua 2, was to be turned over to the Trustee as property of the estate.  The clearly erroneous review applied to the Palua 1 rent is similarly applicable here.  Upon review of the entire record, this Court is not left with "the definite and firm conviction that a mistake has been committed."  See Anderson, 470 U.S. at 573 (citation omitted).  Moreover, even under de novo review, the documentary evidence supports the bankruptcy court's finding.  The Palua 2 residential lease provides for

rent to be paid to Lee in the amount of $2,725 per month, from
June 21, 2013 to June 30, 2015.  [Painter Decl., Exh. C (Palua 2
residential lease).]  While not every rent check from the
tenants in Palua 2 was recovered, (Exh. D,(rent checks for Palua
2))  Lee does not provide any evidence, including by
declaration, that the amounts stated in the Palua 2 residential
lease are incorrect.  Therefore, as an issue of law, Palua 2
rent was properly ordered to be turned over as property of the
estate, and as an issue of fact, $54,500 is the appropriate
amount, as the amount received by Lee.  The bankruptcy court's
finding regarding the Palua 2 rents is affirmed.

### 3.   **Other Post-Petition Rents**

For the same reasons as indicated above, Lee's
argument regarding the other post-petition rents is not
persuasive.  Lee's argument that the documentary evidence is
less than complete is not sufficient to leave this Court with
"the definite and firm conviction that a mistake has been
committed."  See Anderson, 470 U.S. at 573 (citation omitted).
Therefore, the bankruptcy court's finding regarding the other
post-petition rents is affirmed.

### 4.   **Firearms**

Similar to the argument in his 2019 Turnover
Opposition, Lee argues the firearms are currently held by HPD,
and he should not be required to turn over the value of the

firearms because the Trustee can acquire the firearms from HPD.
Once again, Lee is not arguing the firearms are not part of the
estate.  Instead, Lee is arguing the bankruptcy court erred in
deciding the mechanics by which the Trustee would receive the
value of the firearms.  Rulings regarding turnover procedure are
subject to de novo review.  White v. Brown (In re White), 389
B.R. 693, 698 (B.A.P. 9th Cir. 2008).  The bankruptcy court
ordered Lee to deliver to the Trustee the value of the firearms,
as listed in his Schedule B.  [2019 Turnover Order at 2.]  Lee's
assertion is that he should not be required to comply with the
bankruptcy court's order because the Trustee can recover the
firearms from HPD.  Lee's argument is therefore construed as an
admission that the legal title to the property did not transfer
to the HPD, only custody, and an objection to the process of
application.  Also, Lee has not argued HPD took custody as a
creditor action.

>Lee's argument is unfounded.  In the Ninth Circuit,

>§ 542(a) does not require the debtor to have
>current possession of the property which is
>subject to turnover.  If a debtor demonstrates
>that he is not in possession of the property of
>the estate or its value at the time of the
>turnover action, the trustee is entitled to
>recovery of a money judgment for the value of the
>property of the estate.

Newman v. Schwartzer (In re Newman), 487 B.R. 193, 202 (B.A.P. 9th Cir. 2013) (brackets, citation, and internal quotation marks omitted).

Here, it is undisputed that the firearms are estate property, valued at $2,000. See Lee's Brief at 4. Therefore, pursuant to Newman, the Trustee is entitled to recover the value of the property from Lee. The turnover of the firearms has been a long process, particularly complicated by a muddy record and Lee's less than forthcoming responses in regard to the firearms at his two Fed. R. Bankr. P. 2004 examinations. [2019 Painter Decl., Exh. F (check dated 7/31/15 for $975 for two firearms sold), Exh. G (excerpts of trans. of 8/5/15 Rule 2004 Examination of Lee), Exh. H (emails dated 9/14/15-9/21/15 regarding transfer of firearms), Exh. I (excerpts of trans. of 6/14/17 Rule 2004 Examination of Lee) ("6/14/17 2004 Exam. Trans.").] Lee has not explained the circumstances or legal effect of the custodial transfer of the firearms, other than that four firearms were seized by HPD in relation to a pending criminal case. [6/14/17 2004 Exam. Trans. at 68-70.] Therefore, because the firearms were estate property during the pendency of the case, the Trustee may recover their value from Lee, and will not be required to recover the firearms from HPD.

### 5. **IRA Funds**

In his 2019 Turnover Opposition, Lee stated "IRA money will be turned over in the amount of $2,453.16 since it was not listed as exempt." [2019 Turnover Opp. at 3.] Here, Lee argues the IRA funds should not be turned over because the issue of exemptions is still being litigated in an adversary proceeding.[6] [Lee's Brief at 5.] This argument does not appear in his 2019 Turnover Opposition, nor was it raised during the hearing. [2019 Turnover Opp. at 3; See 4/8/19 Hrg. Trans.] Lee is raising this issue for the first time on appeal. An argument that was not presented to the bankruptcy court will not be considered by the reviewing court "unless necessary to prevent manifest injustice." Jonas v. U.S. Small Bus. Admin. (In re Southland Supply, Inc.), 657 F.2d 1076, 1079 (9th Cir. 1981). Lee has not shown manifest injustice. Therefore, the bankruptcy court's ruling as to the IRA funds will not be disturbed.

---

[6] On February 25, 2019, alleged creditors Tom Ishimaru and Norm Winter jointly filed Adversary Proceeding No. 19-90008 against the Trustee ("AP"). [AP, dkt. no. 1.] Trial in the AP is currently scheduled for January 21, 2020. Currently pending before the bankruptcy court is a motion to withdraw and a motion to dismiss, filed by Norm Winter and Tom Ishimaru, respectively. [AP, dkt. nos. 26, 30.]

## B. Issues Not Properly on Appeal

### 1. Nojuice.com Stock

Lee makes a number of arguments regarding the sale or loan of stock in the company Nojuice.com. The bankruptcy court did not expressly rule on the Nojuice.com stock in its 2019 Turnover Motion and Final Judgment, and therefore there is no lower court decision regarding the stock from which Lee can appeal.

### 2. Holdover Costs

In response to the 2019 Turnover Motion, Lee objected to turning over the costs incurred by the trustee due to Lee's failure to vacate Palua 1. [2019 Turnover Opp. at 3.] In his brief however, Lee did not challenge the portion of the 2019 Turnover Order requiring Lee to turn over to the Trustee $585.81 representing the cost resulting from Lee's failure to turn over Palua 1. Therefore, the bankruptcy court's ruling regarding the holdover costs has not been considered.

### 3. Request for Fees

The Trustee requested an award of attorney's fees and costs incurred in the course of the instant Appeal. [Trustee's Brief at 16.] The Trustee failed to comply with the procedure set forth in Fed. R. Bankr. P. 8020. "If the district court or BAP determines that an appeal is frivolous, it may, after **a separately filed motion** or notice from the court and reasonable

opportunity to respond, award just damages and single or double costs to the appellee." Rule 8020(a) (emphasis added). Here, the Trustee did not file a separate motion, he made the request in his brief. "A request for sanctions in an appellee's brief is procedurally improper . . . as it does not provide the appellant sufficient notice and opportunity to respond to the request." <u>Tanzi v. Comerica Bank (In re Tanzi)</u>, 297 B.R. 607, 613 (B.A.P. 9th Cir. 2003) (alteration in <u>Tanzi</u>) (citation and quotation marks omitted). Therefore, the Trustee's request for attorney's fees and costs is denied.

**<u>CONCLUSION</u>**

On the basis of the foregoing, the Trustee's Motion to Dismiss for Failure to Prosecute and for Lack of Appellate Jurisdiction, filed with his brief on August 2, 2019, is HEREBY DENIED, and the bankruptcy court's Final Judgment, filed April 30, 2019, is HEREBY AFFIRMED. There being no remaining issues in this Appeal, the Clerk's Office is DIRECTED to enter judgment and close this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, November 15, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

ADAM LEE VS. DANE S. FIELD; CV 19-00237 LEK-WRP; ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER AND DENYING THE TRUSTEE'S MOTION TO DISMISS